# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:

**SCOTT D. FUHRIMAN**

      Debtor.

_____/

**BEVERLY LIPPMANN,**

      Plaintiff,

v.

**SCOTT D. FUHRIMAN,**

      Defendant.

_____/

Case No.  19-16396-RAM
Chapter 7

Adv. Proc. No.  _____

## VERIFIED COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(4), 523(a)(6), 523(a)(15)

Beverly Lippmann ("Lippmann") by and through undersigned counsel, hereby files this complaint ("Complaint") against Scott D. Fuhriman ("Fuhriman" or "Debtor") and in support thereof states as follows:

## NATURE OF ACTION

1.  This is an adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure 4007 and 7008 seeking a determination that the judgment ("Judgment") awarded to Lippmann by the District Court of the Third Judicial District in and for Salt Lake County, State of Utah in the action styled *Beverly Fuhriman n/k/a Beverly Lippmann v. Scott Darvel Fuhriman*, Case No. 020911473 is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4), 523(a)(6), and 523(a)(15).

## JURISDICTION AND VENUE

2.   On May 15, 2019, Fuhriman filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

3.   Venue is property pursuant to 28 U.S.C. §1408.

4.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b) and 1334(b).

5.   This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(I) and section §523 of the bankruptcy code because this is a proceeding to determine the dischargability of a particular debt.

## PARTIES

6.   Beverly Lippmann is an individual which resides in Salt Lake City, Utah.

7.   Lippmann is a judgment creditor of Fuhriman.

8.   Fuhriman is the Debtor in the captioned bankruptcy case which is pending before this Court.

## FACTUAL BACKGROUND

9.   Lippmann seeks a determination that a monetary judgment awarded to her for damages suffered as a result of Debtor's intentional, willful and malicious conduct in their divorce proceeding is not dischargable pursuant to 11 U.S.C. §§ 523(a)(4), 523(a)(6), and 523(a)(15) of the Bankruptcy Code.

10. The District Court of the Third Judicial District in and for Salt Lake County, State of Utah in the action styled *Beverly Fuhriman n/k/a Beverly Lippmann v. Scott Darvel Fuhriman*, Case No. D84-2441 ("Divorce Action") found, amongst other findings, the Debtor to have "converted and fraudulently conveyed a portion of or all of the Marital Property" and as a result

awarded Lippmann a monetary judgment ("Judgment") as a result of the Debtor's "willful disregard of the 1984 Decree of Divorce regarding the storage of the Property pending equitable distribution, defendant's willful conversion of Plaintiff's Converted Property..." A true and correct copy of the Amended Decree of Divorce and Order of Contempt ("Judgment") is attached hereto as Exhibit "A" and is incorporated by reference herein.

11. Lippmann then filed a complaint against the Debtor in the District Court of the Third Judicial District in and for Salt Lake County, State of Utah in the action styled *Beverly Fuhriman n/k/a Beverly Lippmann v. Scott Darvel Fuhriman*, Case No. 020911473 ("2002 Case") which renewed the Judgement from the Divorce Action. A copy of the complaint is attached hereto as Exhibit "B" and is incorporated by reference herein.

12. Debtor failed to participate in the 2002 Case and Lippmann obtained a Default Judgment against the Debtor ("2003 Judgment"). A copy of the Default Judgment Against Defendant Scott Darvel Fuhriman is attached hereto as Exhibit "C" and is incorporated by reference herein.

13. Lippmann then filed a complaint against the Debtor in the District Court of the Third Judicial District in and for Salt Lake County, State of Utah in the action styled *Beverly Fuhriman n/k/a Beverly Lippmann v. Scott Darvel Fuhriman*, Case No. 110901104 ("2011 Case") which augmented the 2003 Judgment. A copy of the complaint is attached hereto as Exhibit "E" and is incorporated by reference herein.

14. Debtor failed to participate in the 2011 Case and Lippmann obtained a Default Judgment against the Debtor ("2011 Judgment"). A copy of the Default Judgment Against Defendant Scott Darvel Fuhriman is attached hereto as Exhibit "D" and is incorporated by reference herein.

## COUNT I – THE DEBT IS NOT DISCHARGABLE UNDER §523(a)(4)

15. Lippman repeats and realleges every allegation set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. §523(a)(4) of the Bankrutpcy Code provides, in relevant part, that "A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

17. The District Court found, as detailed in the Judgment, that the Debtor "coverted and fraudulently conveyed a portion of or all of the Marital Property…" and as a result, monetary damages were awarded to Lippmann.

18. All of the debt owed to Lippmann under the Judgment is non-dischargeable as it is a debt which occurred as a result of the Debtor's conversion of Lippmann's property within the meaning of section 523(a)(4) of the Bankruptcy Code.

19. When a debt is non-dischargeable pursuant to section 523(a) of the Bankruptcy Code, the attorney's fees and costs associated with that debt are likewise non-dischargeable.

## COUNT II – THE DEBT IS NOT DISCHARGABLE UNDER §523(a)(6)

20. Lippmann repeats and realleges every allegation set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

21. §523(a)(6) of the Bankruptcy Code provides, in relevant part, that "A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

22. The Debtor knew at the time of his intentional actions that injury to Lippmann was

substantially certain to result.

23. Moreover, the Debtor's intent and willfulness already was determined in the District Court's Judgment via the Amended Decree of Divorce and Order of Contempt.

24. All of the debt owed to Lippmann, as evidenced by the Judgment, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of section 523(a)(6) of the Bankruptcy Code.

25. When a debt is non-dischargeable pursuant to section 523(a) of the Bankruptcy Code, the attorney's fees and costs associated with that debt are likewise non-dischargeable.

## COUNT II – THE DEBT IS NOT DISCHARGABLE UNDER §523(a)(15)

26. Lippmann repeats and realleges every allegation set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

27. §523(a)(15) of the Bankruptcy Code provides, in relevant part, that "A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor and not the kind describe in paraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of court of record, or a determination made in accordance with State or territorial law by a governmental unit…"

28. Lippmann seeks non-dischargability of the Judgment awarded to her via the Amended Decree of Divorce and Order of Contempt in the divorce proceeding involving the Debtor.

29. The Judgment is the type of debt that sits perfectly within the meaning of section 523(a)(15) of the Bankruptcy Code.

30. When a debt is non-dischargeable pursuant to section 523(a) of the Bankruptcy Code, the attorney's fees and costs associated with that debt are likewise non-dischargeable.

**WHEREFORE**, Plaintiff, Beverly Lippmann, respectfully requests that this Court enter an order:

(a) declaring that the Debtor's liability to Lippmann under the Judgment in the 2011 Case is excepted from discharge pursuant to sections 523(a)(4), 523(a)(6), and 523(a)(15) of the Bankruptcy Code;

(b) awarding attorney's fees and costs incurred in connection with this Adversary Proceeding; and

(c) granting such other and further relief as this Court may deem just and proper.

## PLAINTIFF'S VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury the foregoing is true and correct on August __15__, 2019.

_Beverly Lippmann_
Beverly Lippmann

Dated: August 15, 2019

Respectfully Submitted,

**KINGCADE & GARCIA, P.A**
Counsel for the Plaintiff
Kingcade Building
1370 Coral Way ▪ Miami, Florida 33145-2960
Telephone: 305-285-9100 ▪ Facsimile: 305-285-9542

__/S/ Timothy S. Kingcade__
x  Timothy S. Kingcade, Esq., FBN 082309

JUDGMENT

OCT 25 1994

SALT LAKE COUNTY
C. Beverly

ANDERSON & WATKINS
Robert M. Anderson (#0108)
900 Kearns Building
136 South Main Street
Salt Lake City, Utah  84101
Telephone (801) 539-1100

Attorneys for Plaintiff

---

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | | |
|---|---|---|
| BEVERLY FUHRIMAN, n\k\a BEVERLY LIPPMANN, | ) ) | 2195727 189 2530 10-26-94-800am |
| Plaintiff, | ) ) | |
| vs. | ) ) | **AMENDED DECREE OF DIVORCE AND ORDER OF CONTEMPT** |
| SCOTT DARVEL FUHRIMAN, | ) ) | |
| Defendant. | ) ) | Case No. D84-2441 Judge Frederick |

---

This matter after came before the Court on the 31st day of January, 1994, Judge J. Dennis Frederick presiding.  Plaintiff appeared in person and with her attorney, Robert M. Anderson of the firm of Anderson & Watkins, and the defendant failed to appear, although he had received service of process and adequate notice of this and prior hearings and the defendant was then declared to be in default.  The Court previously made and entered its Findings of Fact and Conclusions of Law, and the Court being fully advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ¶¶ 4, 5 and 7 of this Court's Decree of Divorce entered August 31, 1984 are hereby amended and supplemented as follows:

Exhibit "A"

1.   The personal property that was the subject of the 1984 Decree of Divorce and that was to be divided between the parties is more particularly described in Exhibits "A-1" and "A-2" hereto and by this reference is incorporated herein (collectively hereafter the "Property").

2.   The Court distributes and decrees the Property to be "marital" (hereafter the "Marital Property"), "heirloom" (hereafter "Heirloom Property") or "personal-gift" (hereafter "Personal-Gift Property") property, within the meaning the August 31, 1984 Decree of Divorce, as more particularly described in Exhibit "A-1" hereto and by this reference is incorporated herein.

3.   Plaintiff is awarded title and custody of one-half of the Marital Property as more particularly described as "BF-Plaintiff" award in Exhibit "A-1", having a current fair market value of forty-nine thousand, eight-hundred and thirty dollars and zero cents ($49,830.00).

4.   Defendant is awarded title and custody of one-half of the Marital Property as more particularly described as "SF-Defendant" award in Exhibit "A-1", having a current fair market value of forty-eight thousand, five hundred and seventy dollars and zero cents ($48,570.00).

5.   With respect to the Heirloom and Personal-Gift Property, the Court finds the plaintiff and defendant are each awarded sole

title and custody of those items as more particularly designated to each party in Exhibit "A-1" hereto.

6.    The defendant wrongfully exercised control over certain Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff, said property being more particularly described as "converted" in Exhibit "A-1" hereto, (hereafter the "Plaintiff's Converted Property").

7.    Defendant will bear the cost of storage of plaintiff's Martial Property, Heirloom Property and Personal-Gift Property as described in ¶¶ 2 to 5, above, from and after August 31, 1984.

8.    In aid of enforcement of the equitable distribution of the Property pursuant to this amended Decree of Divorce, the Court orders that:

(a)  defendant's duty to cooperate in said equitable distribution is a continuing one;

(b)  defendant has the continuing duty to fully comply with this Court's Order of November 1, 1993 regarding a full accounting of the Property, said Order being attached hereto as Exhibit "B" and by this reference is incorporated herein;

(c)  defendant is permanently enjoined and restrained from selling, disposing of, transferring or conveying in any manner the Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above, and he is

3

further ordered to immediately sequester and protect all such items at his sole expense;

(d)   defendant is ordered upon the voluntary return to plaintiff of any item of Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above, to provide to plaintiff an inventory list of same specifically referencing those item numbers in Exhibit "A-1" hereto;

(e)   defendant is solely responsible for shipment costs for the Property to plaintiff's residence in Utah of any Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above;

(f)   plaintiff is entitled to a Writ of Replevin for all Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above; and,

(g)   defendant is required within thirty days of the date of entry of the Amended Decree, to provide to defendant, copies of all state and federal personal income tax records and personal financial statements for years in which the defendant transferred any Martial Property, Heirloom Property and Personal-Gift Property awarded to plaintiff as described in ¶¶ 2 to 5, above, to any other person or entity.

9.    Defendant converted and fraudulently conveyed a portion of or all of the Marital Property, more particularly described in Exhibit "A" as the "Plaintiff's Converted Property".

10.    Judgment is hereby entered against defendant and in favor of plaintiff for the value of the Plaintiff's Converted Property in the amount of fifty-eight thousand, four hundred and five dollars and zero cents ($58,405.00) together with interest accrued and accruing as provided by law from and after the date of judgment.

11.    To the extent that defendant voluntarily returns any item of Plaintiff's Converted Property described above within 30 days from the date hereof in good repair and free and clear of all liens and encumbrances or the plaintiff obtains the return of any of the Plaintiff's Converted Property by legal process, defendant is entitled to a partial satisfaction of judgment in an amount equal to the value of said property described in Exhibit "A-1" hereto.

12.    Based on the defendant's willful disregard of the 1984 Decree of Divorce regarding storage of the Property pending equitable distribution, defendant's willful conversion of Plaintiff's Converted Property, and defendant's failure to comply with this Court's Orders and discovery in this matter, ¶ 4 of the August 31, 1984 Decree of Divorce is hereby amended, requiring defendant to bear attorney's fees and costs attendant to equitable distribution of the Property.

13. Judgment is hereby awarded in favor of plaintiff and against defendant pursuant to Utah Code Ann. § 30-3-3, for attorney's fees and costs incurred as a result of defendant's past willful avoidance of his duty to cooperate in equitable distribution under ¶¶ 4, 5 and 7 of the Decree of Divorce and pursuant to Utah R. Civ. P. 37 for defendant's failure to comply with discovery in the amount of nine thousand, five hundred and seventy-four dollars and forty-five cents ($9,574.45) for attorney's fees and three-hundred seventy-three dollars and fifty-four cents ($373.54) for costs, together with interest accrued and accruing as provided by law from and after the date of judgment.

14. Total monetary judgment awarded plaintiff against defendant herein under ¶¶ 10 and 13, above, is the sum of sixty-eight thousand, three hundred and fifty-three dollars and forty-nine cents ($68,353.49), together with interest accrued and accruing as provided by law (currently at the rate of 10% per annum) from and after the date of judgment.

15. Judgment is hereby awarded against defendant and in favor of plaintiff, requiring defendant to bear:

 (a) all plaintiff's future attorney's fees and costs associated with enforcement of this Court's equitable distribution of the Property;

6

(b)  all plaintiff's future attorney's fees and costs associated with the replevin or collection of judgment for compensation of any of the Plaintiff's Converted Property;

(c)  all plaintiff's future attorney's fees and costs associated with actions to nullify and void transfers of the Plaintiff's Converted Property to intermediate transferees; and,

(d)  all sums plaintiff is required to expend to obtain clear title to any of her Converted Property, including sums expended to discharge liens defendant caused to be levied against Plaintiff's Converted Property or to compensate bona fide intermediate transferees of Plaintiff's Converted Property.

16.  The Defendant is held in contempt of Court pursuant to Utah Code Ann. § 78-32-1 et seq for failing to comply with this Court's Order of November 1, 1993.

17.  This Court will issue further process as may be required to assure defendant's compliance with the Decrees and Orders of this Court.

18.  The Court retains continuing jurisdiction in this matter pursuant to Utah Code Ann. § 30-3-5 in order to enter such other and further orders that are necessary to enforce this Decree of Divorce including an award for plaintiff's future costs of

enforcement, collection and replevy to judgment, including future attorneys fees and costs.

DATED this 25th day of Oct, 1994.

BY THE COURT:

Honorable Dennis J. Frederick
District Court Judge

I CERTIFY THAT THIS IS A TRUE COPY OF AN
ORIGINAL DOCUMENT ON FILE IN THE THIRD
DISTRICT COURT, SALT LAKE COUNTY, STATE OF
UTAH.
DATE: February

DEPUTY CLERK

8

VAN COTT, BAGLEY, CORNWALL & MCCARTHY
Robert M. Anderson (0108)
Mary E. Westby (8296)
50 South Main Street, Suite 1600
Post Office Box 45340
Salt Lake City, Utah  84145-0340
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

Attorneys for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## STATE OF UTAH

|  |  |
|---|---|
| BEVERLY FUHRIMAN, n/k/a BEVERLY LIPPMANN,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT DARVEL FUHRIMAN,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No. *O2O9/14 73*<br><br>Judge   *Hilder* |

Plaintiff complains of defendant and alleges:

1.    On October 25, 1994, in the Third Judicial District Court of Salt Lake County,

State of Utah, an Amended Decree of Divorce and Order of Contempt was entered by the

Honorable Dennis J. Frederick, Third District Court Judge, in the matter styled as *Beverly*

*Fuhriman, n/k/a Beverly Lippmann v. Scott Darvel Fuhriman,* Case No. D84-2441.  A copy of

this amended decree and order is annexed hereto, marked exhibit "A" and incorporated herein

by this reference.

2.    Pursuant thereto, it was ordered that plaintiff be awarded judgment against

defendant in the amount of $58,405.00 for his conversion and fraudulent conveyance of

292:256470v1

Exhibit "B"

certain Marital Property and other personal property properly belonging to plaintiff.  Interest on the judgment amount was ordered as provided by law from the date of judgment.  *See* Exhibit A, ¶10.

3.    Judgment was also entered in favor of plaintiff and against defendant for attorney's fees and costs incurred in the amount of $9,574.45 in fees and $373.54 in costs, together with interest as provided by law from the date of judgment.  *See* Exhibit A, ¶13.

4.    The total money judgment awarded to plaintiff was the sum of $68,353.49, "together with interest accrued and accruing as provided by law from and after the date of judgment." Exhibit A, ¶14.

5.    During the period of October 25, 1994, through and including October 25, 2002, interest has accrued upon the outstanding amounts of the October 25, 1994 judgment at the legal rate of ten percent (10%) per annum.

6.    On October 14, 1996, property valued at $12,850.00 was recovered from defendant by replevin, in partial satisfaction of the judgment.

7.    On July 27, 1997, the sum of $4,317.14 was recovered from defendant by garnishment, in partial satisfaction of the judgment.

8.    No other payments or recoveries have been made to satisfy the judgment.  The outstanding judgment amount is $68,353.49, plus interest accrued and outstanding in the amount of $37,478.48.

9.    Accordingly, as of October 25, 2002, defendant is indebted to plaintiff in the amount of $105,831.97, originating from the October 25, 1994 money judgment, plus interest continuing to accrue at a rate of $18.73 per day.

292:256470v1

10.     Jurisdiction and venue are proper in this court because it was the forum for the judgment originally issued which plaintiff seeks herein to renew.

11.     In addition to the money judgment, plaintiff was also awarded judgment against defendant for shipping and storage fees, and any and all future costs and attorney fees incurred in collecting judgment or enforcing the equitable distribution of property pursuant to the court's order. *See* Exhibit A, ¶15.

12.     In pursuing the replevin and garnishment, plaintiff incurred at least $6000.00 in attorney fees, costs, storage, and shipping.

13.     Plaintiff continues to incur attorney fees and costs to pursue collection, for which defendant is liable pursuant to the judgment.

WHEREFORE, plaintiff demands judgment and renewal of judgment against defendant in the sum of $105,831.97, from the money judgment, plus $6000.00 in incurred fees and costs relating to collection, for a total judgment amount of $111,831.97, with interest as provided by law until the judgment is paid in full, together with such additional fees and costs as may be incurred hereafter.

DATED this 22nd day of October, 2002.

VAN COTT, BAGLEY, CORNWALL & McCARTHY

By: _____
Robert M. Anderson
Mary E. Westby
Attorneys for Plaintiff

Plaintiff's Address:

5472 South Walker Estates Circle
Salt Lake City, UT  84117

292:256470v1                                    3



JUDGEMENT

OCT 25 1994

SALT LAKE COUNTY
C. Beverley

ANDERSON & WATKINS
Robert M. Anderson (#0108)
900 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101
Telephone (801) 539-1100

**Attorneys for Plaintiff**

---

**IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

---

| | |
|---|---|
| BEVERLY FUHRIMAN, n\k\a<br>BEVERLY LIPPMANN,<br><br>      Plaintiff,<br><br>vs.<br><br>SCOTT DARVEL FUHRIMAN,<br><br>      Defendant. | 2195727      189 2530<br>10-26-94-800am<br><br>**AMENDED DECREE OF DIVORCE<br>AND ORDER OF CONTEMPT**<br><br><br>Case No. D84-2441<br>Judge Frederick |

---

This matter after came before the Court on the 31st day of January, 1994, Judge J. Dennis Frederick presiding. Plaintiff appeared in person and with her attorney, Robert M. Anderson of the firm of Anderson & Watkins, and the defendant failed to appear, although he had received service of process and adequate notice of this and prior hearings and the defendant was then declared to be in default. The Court previously made and entered its Findings of Fact and Conclusions of Law, and the Court being fully advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ¶¶ 4, 5 and 7 of this Court's Decree of Divorce entered August 31, 1984 are hereby amended and supplemented as follows:

1.    The personal property that was the subject of the 1984 Decree of Divorce and that was to be divided between the parties is more particularly described in Exhibits "A-1" and "A-2" hereto and by this reference is incorporated herein (collectively hereafter the "Property").

2.    The Court distributes and decrees the Property to be "marital" (hereafter the "Marital Property"), "heirloom" (hereafter "Heirloom Property") or "personal-gift" (hereafter "Personal-Gift Property") property, within the meaning the August 31, 1984 Decree of Divorce, as more particularly described in Exhibit "A-1" hereto and by this reference is incorporated herein.

3.    Plaintiff is awarded title and custody of one-half of the Marital Property as more particularly described as "BF-Plaintiff" award in Exhibit "A-1", having a current fair market value of forty-nine thousand, eight-hundred and thirty dollars and zero cents ($49,830.00).

4.    Defendant is awarded title and custody of one-half of the Marital Property as more particularly described as "SF-Defendant" award in Exhibit "A-1", having a current fair market value of forty-eight thousand, five hundred and seventy dollars and zero cents ($48,570.00).

5.    With respect to the Heirloom and Personal-Gift Property, the Court finds the plaintiff and defendant are each awarded sole

title and custody of those items as more particularly designated to each party in Exhibit "A-1" hereto.

6.    The defendant wrongfully exercised control over certain Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff, said property being more particularly described as "converted" in Exhibit "A-1" hereto, (hereafter the "Plaintiff's Converted Property").

7.    Defendant will bear the cost of storage of plaintiff's Martial Property, Heirloom Property and Personal-Gift Property as described in ¶¶ 2 to 5, above, from and after August 31, 1984.

8.    In aid of enforcement of the equitable distribution of the Property pursuant to this amended Decree of Divorce, the Court orders that:

(a)    defendant's duty to cooperate in said equitable distribution is a continuing one;

(b)    defendant has the continuing duty to fully comply with this Court's Order of November 1, 1993 regarding a full accounting of the Property, said Order being attached hereto as Exhibit "B" and by this reference is incorporated herein;

(c)    defendant is permanently enjoined and restrained from selling, disposing of, transferring or conveying in any manner the Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above, and he is

3

further ordered to immediately sequester and protect all such items at his sole expense;

(d)  defendant is ordered upon the voluntary return to plaintiff of any item of Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above, to provide to plaintiff an inventory list of same specifically referencing those item numbers in Exhibit "A-1" hereto;

(e)  defendant is solely responsible for shipment costs for the Property to plaintiff's residence in Utah of any Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above;

(f)  plaintiff is entitled to a Writ of Replevin for all Marital Property, Heirloom Property and Personal-Gift Property awarded plaintiff in ¶¶ 2 to 5, above; and,

(g)  defendant is required within thirty days of the date of entry of the Amended Decree, to provide to defendant, copies of all state and federal personal income tax records and personal financial statements for years in which the defendant transferred any Martial Property, Heirloom Property and Personal-Gift Property awarded to plaintiff as described in ¶¶ 2 to 5, above, to any other person or entity.

9.    Defendant converted and fraudulently conveyed a portion of or all of the Marital Property, more particularly described in Exhibit "A" as the "Plaintiff's Converted Property".

10.    Judgment is hereby entered against defendant and in favor of plaintiff for the value of the Plaintiff's Converted Property in the amount of fifty-eight thousand, four hundred and five dollars and zero cents ($58,405.00) together with interest accrued and accruing as provided by law from and after the date of judgment.

11.    To the extent that defendant voluntarily returns any item of Plaintiff's Converted Property described above within 30 days from the date hereof in good repair and free and clear of all liens and encumbrances or the plaintiff obtains the return of any of the Plaintiff's Converted Property by legal process, defendant is entitled to a partial satisfaction of judgment in an amount equal to the value of said property described in Exhibit "A-1" hereto.

12.    Based on the defendant's willful disregard of the 1984 Decree of Divorce regarding storage of the Property pending equitable distribution, defendant's willful conversion of Plaintiff's Converted Property, and defendant's failure to comply with this Court's Orders and discovery in this matter, ¶ 4 of the August 31, 1984 Decree of Divorce is hereby amended, requiring defendant to bear attorney's fees and costs attendant to equitable distribution of the Property.

13.  Judgment is hereby awarded in favor of plaintiff and against defendant pursuant to Utah Code Ann. § 30-3-3, for attorney's fees and costs incurred as a result of defendant's past willful avoidance of his duty to cooperate in equitable distribution under ¶¶ 4, 5 and 7 of the Decree of Divorce and pursuant to Utah R. Civ. P. 37 for defendant's failure to comply with discovery in the amount of nine thousand, five hundred and seventy-four dollars and forty-five cents ($9,574.45) for attorney's fees and three-hundred seventy-three dollars and fifty-four cents ($373.54) for costs, together with interest accrued and accruing as provided by law from and after the date of judgment.

14.  Total monetary judgment awarded plaintiff against defendant herein under ¶¶ 10 and 13, above, is the sum of sixty-eight thousand, three hundred and fifty-three dollars and forty-nine cents ($68,353.49), together with interest accrued and accruing as provided by law (currently at the rate of 10% per annum) from and after the date of judgment.

15.  Judgment is hereby awarded against defendant and in favor of plaintiff, requiring defendant to bear:

(a)  all plaintiff's future attorney's fees and costs associated with enforcement of this Court's equitable distribution of the Property;

6

(b)   all plaintiff's future attorney's fees and costs associated with the replevin or collection of judgment for compensation of any of the Plaintiff's Converted Property;

(c)   all plaintiff's future attorney's fees and costs associated with actions to nullify and void transfers of the Plaintiff's Converted Property to intermediate transferees; and,

(d)   all sums plaintiff is required to expend to obtain clear title to any of her Converted Property, including sums expended to discharge liens defendant caused to be levied against Plaintiff's Converted Property or to compensate bona fide intermediate transferees of Plaintiff's Converted Property.

16.   The Defendant is held in contempt of Court pursuant to Utah Code Ann. § 78-32-1 *et seq* for failing to comply with this Court's Order of November 1, 1993.

17.   This Court will issue further process as may be required to assure defendant's compliance with the Decrees and Orders of this Court.

18.   The Court retains continuing jurisdiction in this matter pursuant to Utah Code Ann. § 30-3-5 in order to enter such other and further orders that are necessary to enforce this Decree of Divorce including an award for plaintiff's future costs of

7

enforcement, collection and replevy to judgment, including future attorneys fees and costs.

DATED this 25ᵗʰ day of ____Oct____, 1994.

BY THE COURT:

_____
Honorable Dennis J. Frederick
District Court Judge

I CERTIFY THAT THIS IS A TRUE COPY OF AN
ORIGINAL DOCUMENT ON FILE IN THE THIRD
DISTRICT COURT, SALT LAKE COUNTY, STATE OF
UTAH.

DATE: ____February____

DEPUTY COURT CLERK

8

## MARITAL ESTATE DISTIBUTION - EXHIBIT A-1

| Item No. | Description of Property | Source and Inventory No. | Type of Property | Awarded to | Value | Status or Converted |
|---|---|---|---|---|---|---|
| 1 | Clock | Oakland # 1 | Marital property | BF-Plaintiff | $ 300.00 | Converted |
| 2 | Clock | Oakland # 2 | Marital property | BF-Plaintiff | $ 300.00 | Converted |
| 3 | Clock | Oakland # 5 | Marital property | BF-Plaintiff | $ 450.00 | Converted |
| 4 | Clock | Oakland # 6 | Marital property | BF-Plaintiff | $ 675.00 | Converted |
| 5 | Clock | Oakland # 8 | Marital property | BF-Plaintiff | $ 475.00 | Converted |
| 6 | Hibatshi | Oakland # 13 | Marital property | BF-Plaintiff | $ 800.00 | Converted |
| 7 | Tansu | Oakland # 16 | Marital property | BF-Plaintiff | $ 6,500.00 | Converted |
| 8 | Tansu | Oakland # 18 | Marital property | BF-Plaintiff | $ 3,500.00 | Converted |
| 9 | Imari Bowl | Oakland # 24 | Marital property | BF-Plaintiff | $ 1,000.00 | Converted |
| 10 | Imari Bowl | Oakland # 26 | Marital property | BF-Plaintiff | $ 900.00 | Converted |
| 11 | Imari Bowl | Oakland # 28 | Marital property | BF-Plaintiff | $ 800.00 | Converted |
| 12 | Imari Bowl | Oakland # 30 | Marital property | BF-Plaintiff | $ 800.00 | Converted |
| 13 | Imari Bowls | Oakland # 32 | Marital property | BF-Plaintiff | $ 1,200.00 | Converted |
| 14 | Imari platter | Oakland # 35 | Marital property | BF-Plaintiff | $ 1,400.00 | Converted |
| 15 | Imari octagonal plates | Oakland # 39 | Marital property | BF-Plaintiff | $ 2,500.00 | Converted |
| 16 | Imari platters | Oakland # 40 | Marital property | BF-Plaintiff | $ 2,000.00 | Converted |
| 17 | Imari plates | Oakland # 41 | Marital property | BF-Plaintiff | $ 1,200.00 | Converted |
| 18 | Imari soap dish | Oakland # 43 | Marital property | BF-Plaintiff | $ 300.00 | Converted |
| 19 | Imari basket | Oakland # 44 | Marital property | BF-Plaintiff | $ 900.00 | Converted |
| 20 | Imari dish set | Oakland # 47 | Marital property | BF-Plaintiff | $ 3,000.00 | Converted |
| 21 | Imari teapot | Oakland # 49 | Marital property | BF-Plaintiff | $ 1,200.00 | Converted |
| 22 | Imari Haisen | Oakland # 50 | Marital property | BF-Plaintiff | $ 1,200.00 | Converted |
| 23 | Imari Haisen | Oakland # 51 | Marital property | BF-Plaintiff | $ 1,200.00 | Converted |
| 24 | Sake jug | Oakland # 55 | Marital property | BF-Plaintiff | $ 600.00 | Converted |
| 25 | Sake jug | Oakland # 58 | Marital property | BF-Plaintiff | $ 350.00 | Converted |
| 26 | Ceramic bowls | Oakland # 63 | Marital property | BF-Plaintiff | $ 600.00 | Converted |
| 27 | Brass ship's lanterns | Oakland # 65 | Marital property | BF-Plaintiff | $ 1,000.00 | Converted |
| 28 | Graphola | Oakland # 68 | Marital property | BF-Plaintiff | $ 800.00 | Converted |
| 29 | Porcelain pillow | Oakland # 75 | Marital property | BF-Plaintiff | $ 800.00 | Converted |
| 30 | Brass crane | Oakland # 80 | Marital property | BF-Plaintiff | $ 250.00 | Converted |
| 31 | Bath house wood-block prints | Oakland # 81 | Marital property | BF-Plaintiff | $ 200.00 | Converted |
| 32 | Flower pot | Oakland # 82 | Marital property | BF-Plaintiff | $ 300.00 | Converted |
| 33 | Hot water bottles | Oakland # 84 | Marital property | BF-Plaintiff | $ 600.00 | Converted |
| 34 | Indian rugs | Oakland # 94 | Marital property | BF-Plaintiff | $ 2,000.00 | Converted |
| 35 | School desks | Oakland # 99 | Marital property | BF-Plaintiff | $ 200.00 | Converted |
| 36 | Wooden bowl | Oakland # 100 | Marital property | BF-Plaintiff | $ 600.00 | Converted |
| 37 | Floral Bone dishes | Layton # 23 | Marital property | BF-Plaintiff | $ 75.00 | Converted |
| 38 | Salt cellar | Layton # 24 | Marital property | BF-Plaintiff | $ 75.00 | Converted |
| 39 | White creamer | Layton # 25 | Marital property | BF-Plaintiff | $ 75.00 | Converted |
| 40 | Fruitwood desk | Layton # 26 | Marital property | BF-Plaintiff | $ 850.00 | Converted |
| 41 | Clear glass courting lamp | Layton # 29 | Marital property | BF-Plaintiff | $ 80.00 | Converted |
| 42 | White hanging lamp | Layton # 31 | Marital property | BF-Plaintiff | $ 50.00 | Converted |
| 43 | Brass bowl on claw feet | Layton # 41 | Marital property | BF-Plaintiff | $ 75.00 | Converted |
| 44 | Oak presser foot box | Layton # 56 | Marital property | BF-Plaintiff | $ 50.00 | Converted |
| 45 | Thatcher oak rocking chair | Layton # 58 | Marital property | BF-Plaintiff | $ 300.00 | Converted |
| 46 | Mahogany platform rocker | Layton # 59 | Marital property | BF-Plaintiff | $ 250.00 | Converted |
| 47 | Lion mouth oak table | Layton # 68 | Marital property | BF-Plaintiff | $ 3,200.00 | Converted |
| 48 | Camel-back trunk | Layton # 71 | Marital property | BF-Plaintiff | $ 250.00 | Converted |
| 49 | Platter | Layton # 97 | Marital property | BF-Plaintiff | $ 200.00 | Converted |
| 50 | Library table | Layton # 98 | Marital property | BF-Plaintiff | $ 2,500.00 | Converted |
| 51 | Thatcher jug | Layton # 102 | Marital property | BF-Plaintiff | $ 900.00 | Converted |

Subtotal Beverly's Marital Property Award:    $    49,830.00

## MARITAL ESTATE DISTRIBUTION - EXHIBIT A-1

| Item No. | Description of Property | Source and Inventory No. | Type of Property | Awarded to | Value | Status or Converted |
|---|---|---|---|---|---|---|
| 52 | Glass hat | Layton # 27 | Family heirloom | BF-Plaintiff | $ 65.00 | Converted |
| 53 | Metal Kerosene lamp | Layton # 32 | Family heirloom | BF-Plaintiff | $ 25.00 | Converted |
| 54 | Idaho State Savings Bank | Layton # 42 | Family heirloom | BF-Plaintiff | $ 35.00 | Converted |
| 55 | Flat iron | Layton # 66 | Family heirloom | BF-Plaintiff | $ 75.00 | Converted |
| 56 | Oak washstand | Layton # 76 | Family heirloom | BF-Plaintiff | $ 250.00 | Converted |
| 57 | Six patchwork pillows | Layton # 94 | Family heirloom | BF-Plaintiff | $ 120.00 | Converted |
| 58 | Two milk cans | Layton # 95 | Family heirloom | BF-Plaintiff | $ 60.00 | Converted |
| 59 | Cast iron bed | Layton # 108 | Family heirloom | BF-Plaintiff | $ 475.00 | Converted |
| 60 | Two quilts | Oakland # 95 | Family heirloom | BF-Plaintiff | $ 1,600.00 | Converted |
| 61 | 12 pair hand embroidered pillow cases | Oakland # 96 | Family heirloom | BF-Plaintiff | $ 600.00 | Converted |
| 62 | Property Listed on Exhibit A-2 | | Family heirloom | BF-Plaintiff | $ 0.00 | Pltf-poss. |
| | **Subtotal Beverly's Family Heirlooms** | | | | $ 3,305.00 | |
| 63 | Oak chair with padded seat | Layton # 3 | Separate gift | BF-Plaintiff | $ 175.00 | Converted |
| 64 | Pressed-back dining chair | Layton # 5 | Premarital property | BF-Plaintiff | $ 275.00 | Converted |
| 65 | Pressed-back chair | Layton # 6 | Premarital property | BF-Plaintiff | $ 345.00 | Converted |
| 66 | Tin bent-metal chair | Layton # 10 | Separate gift | BF-Plaintiff | $ 50.00 | Converted |
| 67 | Brass bed | Layton # 35 | Separate gift | BF-Plaintiff | $ 1,200.00 | Converted |
| 68 | Tea Kettle | Layton # 44 | Premarital property | BF-Plaintiff | $ 25.00 | Converted |
| 69 | Trivet | Layton # 55 | Separate gift | BF-Plaintiff | $ 25.00 | Converted |
| 70 | Trunk | Layton # 72 | Premarital property | BF-Plaintiff | $ 250.00 | Converted |
| 71 | 1888 Mortgage | Layton # 75 | Separate gift | BF-Plaintiff | $ 50.00 | Converted |
| 72 | Three boxes of clothing and shoes | Layton # 77 | Premarital property | BF-Plaintiff | $ 500.00 | Converted |
| 73 | Baby bassinet | Layton # 93 | Premarital property | BF-Plaintiff | $ 75.00 | Converted |
| 74 | Table cloth | Layton # 105 | Premarital property | BF-Plaintiff | $ 25.00 | Converted |
| 75 | Guitar | Layton # 107 | Premarital property | BF-Plaintiff | $ 75.00 | Converted |
| 76 | Wedgewood bowl | Layton #109 | Separate gift | BF-Plaintiff | $ 500.00 | Converted |
| 77 | Dishes | Oakland # 97 | Premarital property | BF-Plaintiff | $ 800.00 | Converted |
| 78 | Flatware | Oakland # 98 | Premarital property | BF-Plaintiff | $ 800.00 | Converted |
| 79 | Set of 12 Campbell's Soup mugs | Layton # 101 | Premarital property | BF-Plaintiff | $ 100.00 | Converted |
| | **Subtotal Beverly's Gifts and Premarital Personal Property** | | | | $ 5,270.00 | |
| 80 | Clock | Oakland # 3 | Marital property | SF-Defendant | $ 250.00 | n/a |
| 81 | Clock | Oakland # 4 | Marital property | SF-Defendant | $ 400.00 | n/a |
| 82 | Clock | Oakland # 7 | Marital property | SF-Defendant | $ 350.00 | n/a |
| 83 | Ice chest | Oakland # 9 | Marital property | SF-Defendant | $ 500.00 | n/a |
| 84 | Hibatshi | Oakland # 10 | Marital property | SF-Defendant | $ 1,250.00 | n/a |
| 85 | Hibatshi | Oakland # 11 | Marital property | SF-Defendant | $ 1,250.00 | n/a |
| 86 | Money box | Oakland # 14 | Marital property | SF-Defendant | $ 1,200.00 | n/a |
| 87 | Money box | Oakland # 15 | Marital property | SF-Defendant | $ 1,200.00 | n/a |
| 88 | Tansu | Oakland # 17 | Marital property | SF-Defendant | $ 3,000.00 | n/a |
| 89 | Imari bowl | Oakland # 19 | Marital property | SF-Defendant | $ 900.00 | n/a |
| 90 | Serving bowl | Oakland # 20 | Marital property | SF-Defendant | $ 100.00 | n/a |
| 91 | Imari bowl | Oakland # 21 | Marital property | SF-Defendant | $ 900.00 | n/a |
| 92 | Imari bowl | Oakland # 22 | Marital property | SF-Defendant | $ 400.00 | n/a |
| 93 | Two Imari bowls | Oakland # 25 | Marital property | SF-Defendant | $ 1,600.00 | n/a |
| 94 | Imari bowl | Oakland # 29 | Marital property | SF-Defendant | $ 800.00 | n/a |
| 95 | Two Imari bowls | Oakland # 31 | Marital property | SF-Defendant | $ 900.00 | n/a |
| 96 | Imari platter | Oakland # 33 | Marital property | SF-Defendant | $ 900.00 | n/a |
| 97 | Imari platter | Oakland # 34 | Marital property | SF-Defendant | $ 1,200.00 | n/a |
| 98 | Imari platter | Oakland # 36 | Marital property | SF-Defendant | $ 500.00 | n/a |
| 99 | Two Imari platters | Oakland # 37 | Marital property | SF-Defendant | $ 2,000.00 | n/a |
| 100 | Platter | Oakland # 38 | Marital property | SF-Defendant | $ 500.00 | n/a |
| 101 | Four Imari tea cups | Oakland # 42 | Marital property | SF-Defendant | $ 350.00 | n/a |

2

## MARITAL ESTATE DISTIBUTION - EXHIBIT A-1

| Item No. | Description of Property | Source and Inventory No. | Type of Property | Awarded to | | Value | Status or Converted |
|---|---|---|---|---|---|---|---|
| 102 | Four piece stacking Imari dishes | Oakland # 45 | Marital property | SF-Defendant | $ | 700.00 | n/a |
| 103 | Four piece stacking Imari dishes with lid | Oakland # 46 | Marital property | SF-Defendant | $ | 1,200.00 | n/a |
| 104 | Imari dish set | Oakland # 48 | Marital property | SF-Defendant | $ | 5,000.00 | n/a |
| 105 | 10 Imari dessert plates | Oakland # 52 | Marital property | SF-Defendant | $ | 1,500.00 | n/a |
| 106 | Vinegar jug | Oakland # 53 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 107 | Sake jug | Oakland # 54 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 108 | Sake jug | Oakland # 56 | Marital property | SF-Defendant | $ | 350.00 | n/a |
| 109 | Sake jug | Oakland # 59 | Marital property | SF-Defendant | $ | 600.00 | n/a |
| 110 | Sake jug | Oakland # 60 | Marital property | SF-Defendant | $ | 900.00 | n/a |
| 111 | Lacquered box | Oakland # 61 | Marital property | SF-Defendant | $ | 400.00 | n/a |
| 112 | Ceramic bowl | Oakland # 64 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 113 | Wrought iron candle stand | Oakland # 66 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 114 | Brass rice paddle | Oakland # 67 | Marital property | SF-Defendant | $ | 100.00 | n/a |
| 115 | Water pitcher | Oakland # 69 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 116 | Chinese temple jars | Oakland # 70 | Marital property | SF-Defendant | $ | 600.00 | n/a |
| 117 | Vietnamese temple jars | Oakland # 71 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 118 | Flower basket | Oakland # 72 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 119 | Flower basket | Oakland # 73 | Marital property | SF-Defendant | $ | 900.00 | n/a |
| 120 | Imari plate | Oakland # 74 | Marital property | SF-Defendant | $ | 900.00 | n/a |
| 121 | Four netsukes | Oakland # 76 | Marital property | SF-Defendant | $ | 400.00 | n/a |
| 122 | Two tea kettles | Oakland # 77 | Marital property | SF-Defendant | $ | 800.00 | n/a |
| 123 | Ink liner | Oakland # 78 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 124 | Letter box | Oakland # 79 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 125 | Flower pot | Oakland # 83 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 126 | Tray | Oakland # 85 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 127 | Covered brass jar | Oakland # 86 | Marital property | SF-Defendant | $ | 100.00 | n/a |
| 128 | Framed piece of kimono | Oakland # 87 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 129 | Waterford crystal | Oakland # 88 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 130 | Large covered jar | Oakland # 89 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 131 | Saki jug | Oakland # 90 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 132 | Blue and white flower arranging container | Oakland # 91 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 133 | Tea jar lamp | Oakland # 92 | Marital property | SF-Defendant | $ | 500.00 | n/a |
| 134 | Blue and white jug | Oakland # 93 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 135 | 1914 Book of Mormon | Layton # 1 | Marital property | SF-Defendant | $ | 20.00 | n/a |
| 136 | 1888 Book of Mormon | Layton # 2 | Marital property | SF-Defendant | $ | 75.00 | n/a |
| 137 | Bedroom chair | Layton # 7 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 138 | Two matching bent-metal chairs | Layton # 8 | Marital property | SF-Defendant | $ | 75.00 | n/a |
| 139 | Oak bentwood chair | Layton # 9 | Marital property | SF-Defendant | $ | 150.00 | n/a |
| 140 | Oak side chair | Layton # 12 | Marital property | SF-Defendant | $ | 125.00 | n/a |
| 141 | Small carved bedroom chair | Layton # 13 | Marital property | SF-Defendant | $ | 180.00 | n/a |
| 142 | Chair | Layton # 14 | Marital property | SF-Defendant | $ | 200.00 | n/a |
| 143 | Two matching oak chairs | Layton # 15 | Marital property | SF-Defendant | $ | 300.00 | n/a |
| 144 | 4 matching soda glasses and 4 matching | Layton # 16 | Marital property | SF-Defendant | $ | 80.00 | n/a |
| 145 | White soap dish | Layton # 17 | Marital property | SF-Defendant | $ | 25.00 | n/a |
| 146 | Mug in willow pattern | Layton # 18 | Marital property | SF-Defendant | $ | 75.00 | n/a |
| 147 | Spode door bell | Layton # 20 | Marital property | SF-Defendant | $ | 75.00 | n/a |
| 148 | Milk glass courting lamp | Layton # 30 | Marital property | SF-Defendant | $ | 90.00 | n/a |
| 149 | Kerosene lamp | Layton # 33 | Marital property | SF-Defendant | $ | 80.00 | n/a |
| 150 | Candle stand | Layton # 34 | Marital property | SF-Defendant | $ | 50.00 | n/a |
| 51 | 30 gallon crock | Layton # 36 | Marital property | SF-Defendant | $ | 20.00 | n/a |
| 52 | Cast iron cobbler's feet | Layton # 40 | Marital property | SF-Defendant | $ | 50.00 | n/a |
| 53 | 8 gallon milk can | Layton # 43 | Marital property | SF-Defendant | $ | 50.00 | n/a |

3

## MARITAL ESTATE DISTRIBUTION - EXHIBIT A-1

| Item No. | Description of Property | Source and Inventory No. | Type of Property | Awarded to | Value | Status or Converted |
|---|---|---|---|---|---|---|
| 154 | Tea kettle | Layton # 45 | Marital property | SF-Defendant | $ 25.00 | n/a |
| 155 | Hot blast stove | Layton # 46 | Marital property | SF-Defendant | $ 300.00 | n/a |
| 156 | Coal scuttle and shovel | Layton # 47 | Marital property | SF-Defendant | $ 30.00 | n/a |
| 157 | Sconce | Layton # 48 | Marital property | SF-Defendant | $ 15.00 | n/a |
| 158 | Butter mold | Layton # 49 | Marital property | SF-Defendant | $ 60.00 | n/a |
| 159 | Bausch and Lomb microscope | Layton # 50 | Marital property | SF-Defendant | $ 200.00 | n/a |
| 160 | Bausch and Lomb microscope | Layton # 51 | Marital property | SF-Defendant | $ 200.00 | n/a |
| 161 | Two beakers | Layton # 52 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 162 | Child's cupboard top | Layton # 54 | Marital property | SF-Defendant | $ 75.00 | n/a |
| 163 | Pocket flask | Layton # 57 | Marital property | SF-Defendant | $ 30.00 | n/a |
| 164 | Birch nursing rocker | Layton # 60 | Marital property | SF-Defendant | $ 200.00 | n/a |
| 165 | Birds eye maple nursing rocker | Layton # 63 | Marital property | SF-Defendant | $ 200.00 | n/a |
| 166 | Three old diplomas | Layton # 73 | Marital property | SF-Defendant | $ 100.00 | n/a |
| 167 | Washington Portraits print in frame | Layton # 74 | Marital property | SF-Defendant | $ 100.00 | n/a |
| 168 | One box record albums | Layton # 79 | Marital property | SF-Defendant | $ 300.00 | n/a |
| 169 | 14 Boxes miscellaneous books | Layton # 80 | Marital property | SF-Defendant | $ 845.00 | n/a |
| 170 | Metal stand | Layton # 81 | Marital property | SF-Defendant | $ 25.00 | n/a |
| 171 | One box dishes | Layton # 82 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 172 | Lamp shade | Layton # 83 | Marital property | SF-Defendant | $ 25.00 | n/a |
| 173 | Kitchenware | Layton # 84 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 174 | Plastic ware | Layton # 85 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 175 | Two planters | Layton # 86 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 176 | Two boxes miscellaneous photos, pictures | Layton # 87 | Marital property | SF-Defendant | $ 150.00 | n/a |
| 177 | Six boxes miscellaneous nick-knacks, chri | Layton # 88 | Marital property | SF-Defendant | $ 800.00 | n/a |
| 178 | Aquarium | Layton # 89 | Marital property | SF-Defendant | $ 20.00 | n/a |
| 179 | Bathroom rack | Layton # 90 | Marital property | SF-Defendant | $ 25.00 | n/a |
| 180 | Sewing machine head | Layton # 91 | Marital property | SF-Defendant | $ 150.00 | n/a |
| 181 | Two boxes glass ware | Layton # 92 | Marital property | SF-Defendant | $ 400.00 | n/a |
| 182 | Dish | Layton # 99 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 183 | Rolling pin | Layton # 100 | Marital property | SF-Defendant | $ 25.00 | n/a |
| 184 | Brass school bell | Layton # 103 | Marital property | SF-Defendant | $ 100.00 | n/a |
| 185 | Glass jug lamp | Layton # 104 | Marital property | SF-Defendant | $ 200.00 | n/a |
| 186 | Typewriter | Layton # 106 | Marital property | SF-Defendant | $ 50.00 | n/a |
| 187 | Hibatshi | Oakland # 12 | Marital property | SF-Defendant | $ 300.00 | n/a |
| 188 | Imari bowl | Oakland # 23 | Marital property | SF-Defendant | $ 100.00 | n/a |
| 189 | Imari bowl | Oakland # 27 | Marital property | SF-Defendant | $ 900.00 | n/a |
| 190 | Lacquered water pitcher | Oakland # 62 | Marital property | SF-Defendant | $ 500.00 | n/a |
| 191 | Bottle collection | Layton # 96 | Marital property | SF-Defendant | $ 100.00 | n/a |
| | **Subtotal Scott's Marital Property:** | | | | $ 48,570.00 | |
| 192 | Bentwood porch chair | Layton # 11 | Family heirloom | SF-Defendant | $ 150.00 | n/a |
| 193 | White milk-glass pitcher | Layton # 19 | Family heirloom | SF-Defendant | $ 85.00 | n/a |
| 194 | Floral meat platter | Layton # 21 | Family heirloom | SF-Defendant | $ 80.00 | n/a |
| 195 | Meat platter | Layton # 22 | Family heirloom | SF-Defendant | $ 50.00 | n/a |
| 196 | Pink pressed-glass cookie jar | Layton # 28 | Family heirloom | SF-Defendant | $ 60.00 | n/a |
| 197 | Four gallon crock | Layton # 37 | Family heirloom | SF-Defendant | $ 75.00 | n/a |
| 198 | Small brown crock | Layton # 38 | Family heirloom | SF-Defendant | $ 60.00 | n/a |
| 199 | Treadle sewing machine with cabinet | Layton #39 | Family heirloom | SF-Defendant | $ 350.00 | n/a |
| 200 | Swiss brass bell | Layton # 53 | Family heirloom | SF-Defendant | $ 100.00 | n/a |
| 201 | Oak nursing rocker | Layton # 61 | Family heirloom | SF-Defendant | $ 200.00 | n/a |
| 202 | Flat iron | Layton # 64 | Family heirloom | SF-Defendant | $ 35.00 | n/a |
| 203 | Flat iron | Layton # 65 | Family heirloom | SF-Defendant | $ 70.00 | n/a |
| 204 | Two branding irons | Layton # 67 | Family heirloom | SF-Defendant | $ 50.00 | n/a |

## MARITAL ESTATE DISTRIBUTION - EXHIBIT A-1

| Item No. | Description of Property | Source and Inventory No. | Type of Property | Awarded to | Value | Status or Converted |
|---|---|---|---|---|---|---|
| 205 | Round oak dining table with five matchin | Layton # 69 | Family heirloom | SF-Defendant $ | | |
| 206 | Foot locker | Layton # 70 | Family heirloom | SF-Defendant $ | 2,000.00 | n/a |
| 207 | Large pressed-back oak rocker | Layton # 62 | Family heirloom | SF-Defendant $ | 75.00 | n/a |
| | Subtotal Scott's Family Heirlooms: | | | $ 3,990.00 | 550.00 | n/a |
| 208 | Oak pressed-back chair with solid seat | Layton # 4 | Separate gift | SF-Defendant $ | 150.00 | n/a |
| 209 | RCA portable stereo | Layton # 78 | Premarital property | SF-Defendant $ | 20.00 | n/a |
| 210 | Sake jug | Oakland # 57 | Separate gift | SF-Defendant $ | 300.00 | n/a |
| | Subtotal Scott's Separate Gifts and Premarital Property: | | | $ 470.00 | | |

| | | |
|---|---|---|
| TOTAL VALUE OF THE ESTATE DISTRIBUTED: | | |
| MARITAL PROPERTY DISTRIBUTED TO PLAINTIFF: | $ | 111,435.00 |
| MARITAL PROPERTY DISTRIBUTED TO PLAINTIFF: | $ | 49,830.00 |
| | $ | 48,570.00 |
| VALUE OF PLAINTIFF'S PROPERTY CONVERTED BY DEFENDANT: | $ | 58,405.00 |

5

INVENTORY OF ITEMS RECEIVED FROM SCOTT FUHRIMAN  AUGUST 15, 1993

(Cedar Chest and Contents)

```
Cedar chest........58 lbs.
Box 1.............. 5 lbs.
Box 2............ 20 lbs.
Box 3............  7 lbs.
Box 4............ 30 lbs.
              _____
        Total  120 lbs.
```

Contents of Cedar Chest

| | |
|---|---|
| 1 | diary (mine) |
| 1 | autobiography (mine) |
| 1 | photo album (my childhood photos) |
| 28 | photos of childhood friends |
| 23 | large portraits of me |
| 9 | baby pictures of me |
| 4 | graduation photos of me |
| 1 | suitcase containing my temple clothing |
| 1 | Bible (engraved with my name) |
| 4 | portraits of my great, great grandparents |
| 1 | family history |
| 1 | knitted baby outfit (knitted by my mother) sweater, hat, shoes |
| 2 | sets baby booties (I wore one pair when I was blessed) |
| 1 | baby hat (mine) |
| 1 | box ribbons I won for 4-H projects |
| 1 | Treasures of Truth album (mine) |
| 3 | magazines containing poetry I wrote |
| 1 | high school yearbook (mine) |
| | doll clothing made by my Grandma Condie (hat, coat, slip) |
| 6 | diplomas (mine from high school, college, seminary, institute) |
| 1 | letter (my acceptance to graduate school) |
| 1 | Patriarchal blessing (mine) |
| 2 | small family photographs |
| 1 | jewelry box and jewelry |
| 3 | books |
| 1 | box cards received at our wedding |
| 1 | dried bride's bouquet (mine) |
| 2 | stuffed animals (my favorites as a child) |

Items Made By My Mother for My Wedding

| | |
|---|---|
| 6 | table cloths with matching napkins (machine made) |
| 33 | hand embroidered dish towels |
| 1 | table cloth with 4 matching napkins (hand crocheted) |
| 1 | table cloth and apron (hand embroidered) |
| 1 | crocheted handkerchief |

EXHIBIT
A-2

Page 2

```
 9      hot pads (fabric)
14      dish towels (machine appliqued)
 5      hot pads (crocheted)
 4      sets pillow cases (machine made)
 6      aprons
```

Items Made By Me for My Wedding

```
2      table cloths and matching napkins
4      tea towels (hand embroidered)
1      handkerchief (crocheted)
1      vest
1      towel with crocheted basket
7      dish towels (embroidered)
2      hot pads (embroidered)
3      crocheted large heart-shaped pin cushions
```

VAN COTT, BAGLEY, CORNWALL & McCARTHY
Robert M. Anderson (0108)
Mary E. Westby (8296)
Attorneys for Plaintiff
50 South Main Street, Suite 1600
Post Office Box 45340
Salt Lake City, Utah  84145-0340
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

**FILED DISTRICT COURT**
Third Judicial District

JAN 1 7 2003

SALT LAKE COUNTY

By_____
                    Deputy Clerk

COPY

---

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## STATE OF UTAH

| | |
|---|---|
| BEVERLY FUHRIMAN, n/k/a BEVERLY LIPPMANN,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT DARVEL FUHRIMAN,<br><br>        Defendant. | **DEFAULT JUDGMENT AGAINST DEFENDANT SCOTT DARVEL FUHRIMAN**<br><br>Judge Robert K. Hilder<br><br>Case No. 020911473 |

The Court having found that defendant SCOTT DARVEL FUHRIMAN was served

with a copy of plaintiff's Complaint and having failed to answer the Complaint within the time

period prescribed by law, and for other good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Beverly

Fuhriman, n/k/a Beverly Lippmann be awarded judgment by default against defendant Scott

Exhibit "C"

Darvel Fuhriman the principal amount of $111,831.97, together with interest at the highest statutory rate until the judgment is satisfied.

IT IS FURTHER ORDERED THAT THIS JUDGMENT SHALL BE AUGMENTED IN THE AMOUNT OF REASONABLE COSTS AND ATTORNEYS' FEES EXPENDED IN COLLECTING SAID JUDGMENT, BY EXECUTION OR OTHERWISE, AS SHALL BE ESTABLISHED BY AFFIDAVIT.

DATED this ____ day of _____, 2003.

BY THE COURT:

By _____
Robert K. Hilder
STAMP USED AT DIRECTION OF JUDGE
District Court Judge

DOCUMENT #7

VAN COTT, BAGLEY, CORNWALL & MCCARTHY
Robert M. Anderson (0108)
randerson@vancott.com
Joshua B. Cannon (13164)
jcannon@vancott.com
36 South State Street, Suite 1900
Salt Lake City, UT 84111-1478
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

FILED DISTRICT COURT
Third Judicial District

JAN 14 2011

SALT LAKE COUNTY

Attorneys for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## STATE OF UTAH

BEVERLY FUHRIMAN, n/k/a BEVERLY
LIPPMANN,

Plaintiff,

vs.

SCOTT DARVEL FUHRIMAN,

Defendant.

**COMPLAINT**

Civil No. 110901104

Judge Kennedy

Plaintiff complains of defendant and alleges:

1.    On January 17, 2003, in Third Judicial District Court of Salt Lake County, State of Utah, judgment was entered in the registry of judgments by the Honorable Robert K. Hilder, Third District Court Judge, in favor of *Beverly Fuhriman, n/k/a Beverly Lippman, Plaintiff v. Scott Darvel Fuhriman, Defendant*, Case No. 020911473. A copy of this judgment is annexed hereto, marked Exhibit "A" and incorporated herein by reference. Pursuant thereto, it was ordered Plaintiff be awarded judgment against Defendant in the principal amount of $111,831.97. It was further ordered that this judgment bear interest at the highest statutory rate until the judgment is satisfied. Additionally, it was ordered that this judgment may be augmented by additional attorneys' fees and costs expended in collecting the judgment.

Exhibit "D"

2.      During the period from January 17, 2003 through and including January 13, 2011, interest has accrued upon the judgment at the rate of three and forty-one hundredths percent (3.41%) per annum, in the sum of $30,465.97.

3.      Defendant has made no payment toward the total amount of the judgment owed.

4.      Accordingly, as of January 13, 2011, Defendant is indebted to Plaintiff in the total sum of $142,297.94, which includes the principal sum of $111,831.97 together with accrued interest in the amount of $30,465.97 for the period up through and including January 13, 2011.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $142,297.94, with interest accruing at the maximum statutory interest rate for each day after January 13, 2011, until the judgment is paid in full, together with such additional costs and fees as have been incurred and which may be incurred hereafter.

DATED this 13th day of January, 2011.

VAN COTT, BAGLEY, CORNWALL & McCARTHY

By: _____
        Robert M. Anderson
        Joshua B. Cannon
        Attorneys for Plaintiff

4838-4582-9896, v. 1

# EXHIBIT A

VAN COTT, BAGLEY, CORNWALL & McCARTHY
Robert M. Anderson (0108)
Mary E. Westby (8296)
Attorneys for Plaintiff
50 South Main Street, Suite 1600
Post Office Box 45340
Salt Lake City, Utah  84145-0340
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

**FILED DISTRICT COURT**
Third Judicial District

JAN 1 7 2003

SALT LAKE COUNTY

By_____
Deputy Clerk



COPY

---

# IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## STATE OF UTAH

| | |
|---|---|
| BEVERLY FUHRIMAN, n/k/a BEVERLY LIPPMANN,<br><br>      Plaintiff,<br><br>vs.<br><br>SCOTT DARVEL FUHRIMAN,<br><br>      Defendant. | **DEFAULT JUDGMENT AGAINST DEFENDANT SCOTT DARVEL FUHRIMAN**<br><br>Judge Robert K. Hilder<br><br>Case No. 020911473 |

The Court having found that defendant SCOTT DARVEL FUHRIMAN was served with a copy of plaintiff's Complaint and having failed to answer the Complaint within the time period prescribed by law, and for other good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Beverly Fuhriman, n/k/a Beverly Lippmann be awarded judgment by default against defendant Scott

292:260615v1

Darvel Fuhriman the principal amount of $111,831.97, together with interest at the highest statutory rate until the judgment is satisfied.

IT IS FURTHER ORDERED THAT THIS JUDGMENT SHALL BE AUGMENTED IN THE AMOUNT OF REASONABLE COSTS AND ATTORNEYS' FEES EXPENDED IN COLLECTING SAID JUDGMENT, BY EXECUTION OR OTHERWISE, AS SHALL BE ESTABLISHED BY AFFIDAVIT.

DATED this ____ day of _____, 2003.

BY THE COURT:

By _____
Robert K. Hilder
STAMP USED AT DIRECTION OF JUDGE
District Court Judge

292:260615v1                                    2

FILED DISTRICT COURT
Third Judicial District

SEP 2 1 2011

SALT LAKE COUNTY
By_____
Deputy Clerk

Doc# 2138352
Bk# 2873 Pg# 184

VAN COTT, BAGLEY, CORNWALL & McCARTHY
Robert M. Anderson (0108)
randerson@vancott.com
Joshua B. Cannon (13164)
jcannon@vancott.com
36 South State Street, Suite 1900
Salt Lake City, UT 84111-1478
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

### STATE OF UTAH

| | |
|---|---|
| BEVERLY FUHRIMAN, n/k/a BEVERLY LIPPMANN,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT DARVEL FUHRIMAN,<br><br>Defendant. | **DEFAULT JUDGMENT AGAINST DEFENDANT SCOTT DARVEL FUHRIMAN**<br><br>Civil No. 110901104<br><br>Judge John P. Kennedy |

The Court having found that defendant SCOTT DARVEL FUHRIMAN was served with a copy of Plaintiff's Complaint and having failed to answer the Complaint within the time period prescribed by law, and for other good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Beverly Fuhriman, n/k/a Beverly Lippmann be awarded judgment by default against

Exhibit "E"

Doc# 2138352
Bk# 2873  Pg# 185

defendant Scott Darvel Fuhriman in the amount of $155,391.10, which includes the

principal sum of $111,831.97 together with accrued interest in the amount of $32,709.13

for the period up through and including August 18, 2011, plus costs and attorneys' fees

incurred by Plaintiff in attempts to collect on the judgment and in bringing its Complaint

against Defendant in the amount of $10,850.00, together with interest at the highest

statutory rate until the judgment is satisfied.

IT IS FURTHER ORDERED THAT THIS JUDGMENT SHALL BE

AUGMENTED IN THE AMOUNT OF REASONABLE COSTS AND ATTORNEYS'

FEES EXPENDED IN COLLECTING SAID JUDGMENT, BY EXECUTION OR

OTHERWISE, AS SHALL BE ESTABLISHED BY AFFIDAVIT.

DATED this 21 day of Sept, 2011.

BY THE COURT:

_____
John P. Kennedy
District Court Judge

4820-2768-4873, v. 2

STATE OF UTAH
COUNTY OF Salt Lake
I hereby certify that the document to
which this certificate is attached is a
full, true and correct copy of the
original filed in the Utah State Courts.
WITNESS my hand and seal
this ___ day of September,
20 1_
DISTRICT/JUVENILE COURT
_____ CLERK

MONROE COUNTY
OFFICIAL RECORDS